UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROY ELIZE FERGUSON III,<br><br>      Plaintiff,<br><br>vs.<br><br>ROBERT NAFTZ, RICARDO (RICK) CARNAROLI,<br><br>      Defendants. | Case No. 4:21-cv-00441-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

  Roy Elize Ferguson III has filed a Complaint in this Court challenging a state criminal sentence he is currently serving—possession of a controlled substance conviction arising from a Bannock County criminal case. He was released on parole on June 3, 2021, and his sentence will expire on June 2, 2025, if he successfully completes parole.[1] He asserts that Bannock County District Judge Robert C. Naftz sentenced him to "leave the state of Idaho and never return," which allegedly violates his constitutional rights. He also asserts that Bannock County Magistrate Judge Ricardo "Rick" Carnaroli used his judicial authority wrongfully to interfere with various state cases involving Plaintiff and custody of several minors. Plaintiff seeks monetary relief and injunctive relief from both judges.

---

[1] https://www.idoc.idaho.gov/content/prisons/offender_search/detail/92540

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

1. **Standard of Law for Summary Dismissal**

The Court is required to review complaints filed in forma pauperis, or complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(d)(2) & 1915A(b).

A complaint fails to state a claim for relief under Rule 8 of the Federal Rules of Civil Procedure if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In other words, although Rule 8 "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

2. **Discussion**

Plaintiff's complaint is sometimes illegible and fails to set forth sufficient facts to overcome the threshold screening issues that seem to bar his claims. He will be given leave to file an amended complaint against Judge Carnaroli, but he may not do so against Judge Naftz, for the reason set forth below.

   a. *Claims against Judge Naftz: Heck v. Humphrey Bar*

A civil rights action cannot be maintained to challenge a criminal sentence. Criminal sentences must be challenged in habeas corpus, not civil rights, actions, and only after a petitioner has fully exhausted his federal claims through the state supreme court. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 486-87.

Here, if this Court declared the at-issue sentence term unconstitutional, it would invalidate that provision of the sentence. Plaintiff first must seek relief in the state court system, and then he may seek habeas corpus relief in federal court. Further, a different sentence is not a remedy available in a civil rights action. *See Wilkinson v. Dotson*, 544

U.S. 74, 83 (2005) ("[W]e believe that a case challenging a sentence seeks a prisoner's "release" in the only pertinent sense: It seeks invalidation (in whole or in part) of the judgment authorizing the prisoner's confinement.").

### b. *Claims against Judge Naftz: Absolute Judicial Immunity*

Under the doctrine of absolute judicial immunity, a judge is not liable for monetary damages for acts performed in the exercise of his judicial functions. *Stump v. Sparkman*, 435 U.S. 349 (1978). To determine whether an act is judicial in nature so that immunity would apply, a court looks to "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Id.* at 362.

Once it is determined that a judge was acting in his or her judicial capacity, absolute immunity applies, "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (internal citations omitted). For example, judicial immunity is not lost "by allegations that a judge conspired with one party to rule against another party: 'a conspiracy between judge and [a party] to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges. . . .'" *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996) (quoting *Ashelman*, 793 F.2d at 1078).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 4

In addition, "judicial immunity is not overcome by allegations of bad faith or malice." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Absolute immunity for judicial officers "is justified and defined by the functions it protects and serves, not by the person to whom it attaches." *Forrester v. White*, 484 U.S. 219, 227 (1988).

There are two circumstances in which absolute judicial immunity does not apply. First, a judge may not rely on immunity when he or she performs an act that is not "judicial" in nature. *Stump*, 435 U.S. at 360. For example, when a judge used physical force to evict a person from the courtroom, the Ninth Circuit held that the judge performed a nonjudicial act not covered by absolute immunity. *Gregory v. Thompson*, 500 F.2d 59, 63 (9th Cir. 1974). On the other hand, when a judge ordered officers "to forcibly and with excessive force seize and bring plaintiff into his courtroom," judicial immunity applied, because a "judge's direction to court officers to bring a person who is in the courthouse before him is a function normally performed by a judge." *Mireles*, 502 U.S. at 12.

Second, absolute immunity does not apply when a judge acts "in the clear absence of all jurisdiction." *Stump*, 435 U.S. at 356 (internal citations omitted). When immunity is at issue, the scope of a judge's jurisdiction "must be construed broadly…. A judge will not be deprived of immunity because the action he *took was in error, was done maliciously, or was in excess of his authority." Id.* at 356.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 5

The question of whether a judge acted in excess of his authority in making a judicial ruling is a distinct issue from the question of whether a judge acted in the clear absence of jurisdiction. Even if a judge exceeds his authority in making a judicial ruling in a particular case, that judge is immune if the case is properly before him. *Mireles*, 502 U.S. at 13.

The difference between acting in the absence of jurisdiction and acting in excess of authority is made clear in the following example: "if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune." *Stump,* 435 U.S. at 357.

In Idaho, the state district courts have original jurisdiction over all cases and proceedings in law and in equity. I.C. § 1-705; Idaho Const. art. V, § 20. The jurisdiction of magistrate judges is "established by legislation, I.C. §§ 1-2208, 1-2210; under the Idaho Constitution, ID. Const. art. 5, § 2; by rule of the Idaho Supreme Court, I.R.C.P. 82; and by the rules of the respective district courts, e.g., 4th Judicial District Court Rule 3.0 (1979)." *Marks v. Vehlow*, 105 Idaho 560, 564, 671 P.2d 473, 476 (Idaho 1983).

Magistrate judges are authorized to hear preliminary proceedings under the termination of Parent-Child Relationship Act, I.C. § 16-2007 and 16-2008. I.R.C.P., Rule

INITIAL REVIEW ORDER BY SCREENING JUDGE - 6

82(c)(1)(A)(3). Magistrate judges who are attorneys are also authorized to hear cases involving the custody of minors. I.C. § 1-2210(2)(c).

District court and magistrate judges have jurisdiction to hear criminal misdemeanor and quasi-criminal actions. I. C. § 1-705; I.C. § 1-2208. By statute, state magistrate judges may be assigned to preside over "[p]roceedings for the preliminary examination to determine probable cause, commitment prior to trial or the release on bail of persons charged with criminal offenses." I.C. § 1-2208(3)(d).

Here, Plaintiff complains of acts and decisions Judge Naftz made in the course of presiding over Plaintiff's criminal action. Nothing appears to have been beyond the judge's jurisdiction. Rather, everything complained of was performed in the exercise of the judge's judicial functions as a state court judge. Therefore, Judge Natz's sentencing decision is covered by absolute judicial immunity; therefore, he cannot be sued in a civil rights action for pronouncing an unconstitutional sentence. All claims against Judge Natz will be dismissed with prejudice, and these claims should not be reasserted in any amended complaint.

### c. *Claims against Judge Carnaroli*

Plaintiff will be required to file an amended complaint that clearly specifies what his claims against Judge Carnaroli are and whether the acts complained of were made in the course of presiding over judicial proceedings. Plaintiff should consult the standard of

law set forth above to determine whether he can state a claim that is not subject to judicial immunity.

Plaintiff asserts that Judge Carnaroli "filed charges against him that were "unrealistic." Complaint, Dkt. 3, p. 4. A judge normally doesn't "file" charges, and so this needs clarification—for example, Plaintiff can clarify whether a prosecutor filed criminal charges against Plaintiff and Judge Carnaroli found probable cause in the course of the judicial proceedings. Plaintiff can attach copies of the charging documents to his amended complaint.

Plaintiff asserts that he had Judge Carnaroli "conflicted out" of the criminal case, "due to family relations." *See id*. These allegations likely are covered by the absolute judicial immunity umbrella, but if Plaintiff believes they are not (such as a judge, not a prosecutor, performing the act of filing criminal charges), he can attempt to set forth the reasons in his amended complaint.

Plaintiff alleges that Judge Carnaroli and his wife did not want custody of his step-grandchildren (who are also Plaintiff's nephew and niece), and so the judge made sure that Plaintiff's mother was awarded custody. *See id*. Plaintiff will need to explain how these were not actions taken in the course of judicial proceedings over which Judge Carnaroli had jurisdiction. Plaintiff should also explain how this harmed him personally—was Plaintiff also attempting to gain custody of these children himself?

Plaintiff also alleges that Judge Carnaroli "picked up" Plaintiff's child custody case regarding Plaintiff's daughter, J.B., defaulted him on the child support issues, and awarded custody to the child's mother. *See id*. Plaintiff will need to explain how these were not actions taken in the course of judicial proceedings over which Judge Carnaroli had jurisdiction. Again, court documents submitted as exhibits showing how Judge Carnaroli came to preside over Plaintiff's family law case would be helpful for the screening process.

3. **Instructions for Amendment**

If Plaintiff chooses to amend the Complaint, he must allege a sufficient causal connection between each defendant's actions and the claimed deprivation of his constitutional rights. *Taylor v. List*, 880 F.2d 1040, 1045 (1989); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 (a complaint is insufficient if it "tenders naked assertions devoid of further factual enhancement" (punctuation altered)).

An amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon or incorporate by reference prior pleadings. Dist. Idaho Loc. Civ. R. 15.1. An amended pleading completely replaces the original pleading.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 9

For each claim against the defendant, Plaintiff must state the following: (1) the name of the person or entity Plaintiff claims to have caused the alleged deprivation of his constitutional rights; (2) the facts showing that the defendant is a state actor (such as state employment or a state contract) or a private entity/private individual acting under color of state law; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular provision of the constitution Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief he is seeking from each defendant.

The amended complaint must be **legibly written** or typed in its entirety, and it should be clearly designated as an "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, he must also file a "Motion to Review the Amended Complaint." If Plaintiff fails to file anything further, his Complaint will be dismissed.

# ORDER

**IT IS ORDERED:**

1. All claims against Judge Robert C. Naftz are DISMISSED.

2. Plaintiff's in forma pauperis application (Dkt. 1) is GRANTED, which allows him to proceed without full prepayment of the filing fee and allows him to pay it in increments. Beginning in February 2022, Plaintiff shall pay the sum of no less than $5.00 per month by the last day of each month to the Clerk of Court until the $350.00 filing fee has been paid in full. Failure to pay the fee may result in dismissal of this case.

3. If Plaintiff desires to attempt to proceed against Judge Carnaroli, Plaintiff must file an amended complaint, together with a motion to review the amended complaint, within **30 days** after entry of this Order.

4. Plaintiff's request for appointment of counsel (contained in the Complaint) is DENIED without prejudice, because it is clear that Plaintiff can articulate his claims in a manner consistent with other pro se individuals, and it does not appear that Plaintiff has viable causes of action that are not subject to immunity. This decision will be reconsidered by the Court if Plaintiff states an actionable claim in the

amended complaint and if he meets the standards for appointment of counsel.

5. Plaintiff is warned that, if he does not file an amended complaint within the time frame specified above, his entire case will be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or failure to state a claim upon which relief can be granted. Plaintiff may, in the alternative, file a notice of voluntary dismissal within 30 days after entry of this Order.

DATED: February 3, 2022

_____
B. Lynn Winmill
U.S. District Court Judge

,