UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| ROY ELIZE FERGUSON III,<br><br>                Plaintiff,<br><br>vs.<br><br>ROBERT NAFTZ, RICARDO (RICK) CARNAROLI,<br><br>                Defendants. | Case No. 4:21-cv-00441-BLW<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

      Roy Elize Ferguson III filed a civil rights Complaint in this Court challenging a state criminal sentence he is currently serving—possession of a controlled substance conviction arising from a Bannock County criminal case. He was released on parole on June 3, 2021, and his sentence will expire on June 2, 2025, if he successfully completes parole.[1] It appears that he is presently incarcerated in a county jail on a bench warrant. *See* Footnote 1.

      In his original Complaint, Plaintiff asserted that Bannock County District Judge Robert C. Naftz sentenced him to "leave the state of Idaho and never return," which allegedly violates his constitutional rights. He also asserted that Bannock County Magistrate Judge Ricardo "Rick" Carnaroli used his judicial authority to wrongfully

---

[1] https://www.idoc.idaho.gov/content/prisons/offender_search/detail/92540

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

interfere with various state cases involving Plaintiff and custody of several minors. In his Complaint, Plaintiff sought monetary relief and injunctive relief from both judges.

In his Second Amended Complaint, Plaintiff states that he has recently filed a federal petition for writ of habeas corpus to remedy the allegations that his sentence, parole, or probation terms violated the United States Constitution. Dkt. 15, p. 2. That case is separate from this one and will be reviewed by the presiding judge in that case in due course.

As against Judge Naftz, Plaintiff believes that Naftz should be held liable based on admissions of that judge that the state criminal case over which he presided was unrealistic and that he should not have passed judgment on it. *Id.*, p. 3. These allegations do nothing to change the Court's earlier finding and conclusion that Plaintiff is complaining of alleged wrongs that occurred within the course of Judge Naftz's judicial duties; therefore, absolute judicial immunity applies.

Without any reference to either judge, Plaintiff next alleges that he filed a petition to obtain custody of his daughter from his ex-wife or girlfriend because there was evidence showing the daughter had received injuries that could have been indicative of child abuse. *Id.*, p. 3. This Court has no jurisdiction over child custody matters, and state court judges who adjudicate child custody matters generally are absolutely immune from suit for acts taken within the course of their judicial duties.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

Plaintiff next baldly asserts that he has been "discriminated against" in the Bannock County Court system, and he wants to hold one or more of the five judges in that court accountable for the acts of discrimination. He asks, "why would 'not' the Court want to see if my claim is true or not?" *Id.*, p. 5. The Court will refer Plaintiff to the Initial Review Order, where it explained the reasoning and purpose behind absolute judicial immunity. It is not whether the claim is true or not, it is whether the law has provided for or prohibited a cause of action against a certain category of defendants— here, judges. Plaintiff has been advised that once it is determined that a judge was acting in his or her judicial capacity, absolute immunity applies, "however erroneous the act may have been, and however injurious in its consequences it may have proved to the Plaintiff." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (internal citations omitted). For example, judicial immunity is not lost "by allegations that a judge conspired with one party to rule against another party: 'a conspiracy between judge and [a party] to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges. . . .'" *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996) (quoting *Ashelman*, 793 F.2d at 1078).

As against Judge Carnaroli, Plaintiff asserts that Carnaroli signed a fugitive arrest warrant in February 2004, and that perhaps he was involved in the disposition of Case CR-05-14858-MD. Plaintiff alleges that "[t]hose cases were conflicted out to Judge Robert Naftz." Dkt. 15, p. 5. There are no other clear allegations referring to Judge

INITIAL REVIEW ORDER BY SCREENING JUDGE - 3

Carnaroli. He states only, "Judge Carnarolli know's what he has done so has everyone under him. I know what he's done." *Id*., p. 6 (verbatim).

The Court very clearly outlined the law for Plaintiff and required him to state additional facts by amendment. Plaintiff has failed to follow the Court's instructions to set forth material facts that would support a finding that judicial immunity should not be applied. In fact, the Second Amended Complaint even fewer facts than the original Complaint.

The Court ordered Plaintiff to supplement and explain why Judge Carnaroli was acting outside his judicial capacity. Plaintiff declined to do so because he and Judge Carnaroli know the facts. However, the Court made it very clear in the Initial Review Order that, because this Court has screening authority in federal court, it also needs to know the facts.

Plaintiff has been provided with an opportunity to amend, with instructions, and with governing principles of law to aid him in amendment. Plaintiff has failed to state a claim against Judge Carnaroli. His claims against Judge Naftz are foreclosed by absolute judicial immunity. Accordingly, this entire case will be dismissed.

## ORDER

**IT IS ORDERED:**

1. All claims against Judge Robert C. Naftz are DISMISSED with prejudice on absolute judicial immunity grounds.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 4

2. All claims against Judge Ricardo (Rick) Carnaroli are DISMISSED for failure to state a claim upon which relief can be granted.

DATED: March 14, 2022

_____
B. Lynn Winmill
U.S. District Court Judge